IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

**TAYLOR WAYNE TRAIL,**

    **Plaintiff,**

v.

                                    Case No. 1:18-cv037

**UTILITY TRAILER MANUFACTURING COMPANY,**

    **Defendant.**                          **JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Taylor Wayne Trail (hereinafter, "Mr. Trail" or "Plaintiff"), by counsel, and states as his Amended Complaint against Defendant Utility Manufacturing Company (hereinafter, "UMC" or "Defendant"), the following:

### I. JURISDICTION AND VENUE

1. This Amended Complaint is filed pursuant to the December 6, 2018 Order of this Court (Dkt. #15).

2. This Court has jurisdiction over this matter as it arises from the federal questions presented by the Family and Medical Leave Act, as amended, codified at 29 U.S.C. §§ 2601 *et seq. See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

3. Venue is appropriate, as the acts and/or omissions of Defendant from which the causes of action arise occurred in UMC's Atkins, Virginia worksite, which is located within Smyth County within the Western District of Virginia, Abingdon Division. *See* 28 U.S.C. §1391(b)(2).

4. Due to its contacts within the Commonwealth of Virginia, Defendant avails itself

to the jurisdiction of this Court.

## II. THE PARTIES

5. Mr. Trail is a resident of Smyth County, Virginia, and first began working at UMC as a full-time welder on or about August 31, 2016.

6. UMC is a manufacturer of vehicles and parts in the automotive trucking industry. UMC is headquartered and incorporated in California, but wholly owns a manufacturing plant located in Smyth County, Virginia.

## III. FACTUAL ALLEGATIONS

7. In exchange for his professional services as an employee, UMC provided Mr. Trail with wages and benefits associated with full-time employment such as health insurance, profit sharing, life insurance, dental insurance and benefits.

8. Mr. Trail is a married man with two young sons. On or about March 8, 2018, Mr. Trail's wife telephoned UMC and spoke with a representative from Human Resources. Ms. Trail indicated that both Mr. Trail's sons were extremely ill and needed to be immediately rushed to the emergency room for medical care.

9. The illness affecting Mr. Trail's children qualified as a serious health condition, pursuant to the FMLA and Ms. Trail communicated sufficient facts to the UMC representative such that UMC understood that Mr. Trail's children were suffering a serious health condition.

10. Upon notification of this disconcerting news, Mr. Trail also discussed the matter with UMC Human Resources and his supervisor. Mr. Trail specifically discussed his ability to leave work pursuant to the FMLA and asked for the same.

11. UMC approved Mr. Trail's leave and he departed work .

12. At all times pertinent to this Complaint, Mr. Trail followed all policies and/or established practices at UMC for notifying and requesting leave pursuant to the FMLA.

13. UMC utilizes an attendance policy in which points are assigned to employees for each absence. UMC's policy requires termination upon the accrual of fifteen (15) points in a rolling calendar year.

14. Prior to his March 8, 2018 FMLA leave, Mr. Trail had less than fifteen (15) points regarding absences.

15. On March 12, 2018, Bill Weaver of UMC Human Resources met with Mr. Trail and Foreman, Jake Dickenson.

16. At this meeting, Mr. Weaver informed Mr. Trail that UMC would apply points for his absence on March 8, 2018 and that due to excessive points, Mr. Trail was immediately terminated. Mr. Weaver explained to Mr. Trail that the FMLA "would not cover his absence".

17. This conversation was memorialized by Mr. Weaver himself in a hand-written note that has been appended to this pleading and made part hereof as **EXHIBIT A**. For efficiency of pleading, the sum and substance of the note is pasted below:

Handwritten note:

> Note: On Thurs 3/8/18 Taylor Trail left early citing his son was in the ER and he had to leave. This excused absence caused Mr. Trail's atten pts > 15 pts.
>
> On Mon 3/12/18 HR Mgr Bill Weaver discussed this absence and pts with Taylor. Mr. Taylor hoped FML would cover absence & it would not, so Bill Weaver told Taylor Trail that he was being let go for <u>excessive absenteeism</u>.
>
> Mr. Trail left at 4:40pm.
>
> (WoW)

[1]

---

[1] Note: The "Wow" at the bottom of the note is believed to be the initials of Mr. Weaver. The word is seemingly not used as an exclamation indicating, "Wow! What an egregious violation of the FMLA I just observed in real-time," although both interpretations could equally be accurate.

4

18. But for Mr. Trail's absence on March 8, 2018, and UMC's illegal decision not to classify his leave as protected leave pursuant to the FMLA, Mr. Trail would not have been terminated.

19. UMC has attempted to defend its actions by highlighting protected FMLA activity in which Mr. Trail engaged on March 1, 2018.

20. On that date, Mr. Trail contacted UMC Human Resources to apply for intermittent leave for his son due to his condition of cerebral palsy. A representative from Human Resources provided forms for Mr. Trail to submit to a physician for completion.

21. UMC has admitted in documentation submitted to the Department of Labor, that Mr. Trail informed Human Resources on March 8, 2018, that he had to leave work to take his son to the emergency room.

22. UMC has admitted in documentation submitted to the Department of Labor that the termination of Mr. Trail was legitimate because Mr. Trail did not complete the required paperwork necessary for his approval of intermittent leave.

23. However, UMC has either recklessly confused the situation, or intentionally violated the law.

24. The leave requested on March 8, 2018 was unforeseen and unrelated to Mr. Trail's son's condition of cerebral palsy and/or the intermittent FMLA leave requested on March 1, 2018.

25. Mr. Trail provided sufficient notice to Human Resources on March 8, 2018, pursuant to 29 C.F.R. § 825.302, such that UMC should have known that the emergency leave requested by Mr. Trail for a son needing a trip to the emergency room would likely qualify for FMLA certification and protections.

26. Pursuant to 29 C.F.R. § 825.302(c), "[w]hen an employee seeks leave for the first time for an FMLA-qualifying reason, *the employee need not expressly assert rights under the FMLA or even mention the FMLA*." (emphasis added). The "first time" here relates to the emergence of a new medical issue or serious health condition. Again, the leave requested on March 8, 2018 was unrelated to the leave requested on March 1, 2018.

27. Moreover, *"[i]n all cases, the employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken.*" In the case of medical conditions, the employer may find it necessary to inquire further to determine if the leave is because of a serious health condition and may request medical certification to support the need for such leave." *Id*. (emphasis added).

28. The United States Court of Appeals for the Fourth Circuit has established strong precedent regarding an employer's duty to follow the requirements of the FMLA pursuant to 29 C.F.R. § 825.302. *See, e.g., Krenzke v. Alexandria Motor Cars, Inc.*, 289 F. App'x 629 (4th Cir. 2008).

29. UMC cannot defend its violations of the FMLA related to the acute serious health condition that manifested on March 8, 2018, by highlighting uncompleted forms from an earlier intermittent leave request. To follow UMC's reasoning would validate the following analogy:

> a. A man visits a specialist health care provider and requests a surgical operation on his right foot. **(*Similar to, an employee seeking medical leave in Human Resources for a serious health condition.*)**

6

    b. The specialist states that in order to perform the operation, the man needs a referral from his primary health care provider. (***Human Resources requests that a doctor fill out a form.***)

    c. Prior to him receiving the referral, the man is struck down by a car in the street, badly injuring his arms and back. (***The employee then suffers a separate, distinct, and unrelated serious health condition requiring leave from work.***)

    d. After arriving at the hospital via ambulance, the emergency room medical team learns that the man did not provide all of the forms for his unrelated surgical operation for his foot earlier that week. Feeling justified in their actions, the emergency room medical team refuses any treatment to the injured man. (***The employer refuses medical leave for the second emergent serious health condition due to not having received the completed paper work for the earlier, unrelated request for leave. The employer violates the FMLA.***)

30. Mr. Trail's abrupt termination was merely a pretext to unlawful discrimination and retaliation by UMC, as UMC held a discriminatory animus towards Mr. Trail based upon his need for FMLA leave.

### COUNT I:  DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FMLA

31. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

32. At all times relevant, Defendant was: (1) engaged in commerce and/or in an industry affecting commerce; and (2) an employer of fifty (50) or more employees for each

7

working day during each of twenty (20) calendar workweeks in the current or preceding calendar year.

33. Plaintiff worked for Defendant for more that 1,250 hours during the twelve (12) month period immediately preceding his termination.

34. Plaintiff properly notified Defendant of his sons' serious health conditions and his need for FMLA-qualifying leave, to which he was entitled.

35. Defendant discriminated against Plaintiff by holding a discriminatory and retaliatory animus against him, based upon his requests for, and use of, federally protected FMLA leave.

36. Defendant discriminated against Plaintiff because of his children's serious health conditions and his corresponding use of FMLA leave, treated him differently and less favorably than similarly situated employees not exercising FMLA rights, and terminated Plaintiff's employment in direct retaliation for Plaintiff's use of FMLA leave.

37. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

38. Defendant would not have terminated Plaintiff's employment or taken other discriminatory and retaliatory actions against him but for Plaintiff's requests for, and use of, FMLA leave.

39. At all times material hereto, Defendant engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

40. The above-described acts by Defendant and employees of Defendant constitute unlawful discrimination and/or retaliation in violation of the Family and Medical Leave

Act, as codified under Title 29 of the United States Code §§ 2601 *et seq.* ("FMLA").

## COUNT II: INTERFERENCE WITH FMLA RIGHTS

41. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

42. Defendant is: (1) engaged in commerce and/or in an industry affecting commerce; and (2) an employer of fifty (50) or more employees for each working day during each of twenty (20) calendar workweeks in the current or preceding calendar year.

43. Plaintiff worked for Defendant for more than 1,250 hours during the twelve (12) month period immediately preceding his termination.

44. Plaintiff properly notified Defendant of his sons' serious health conditions and his need for FMLA-qualifying leave, to which he was entitled.

45. Defendant interfered with Plaintiff's use of FMLA leave by treating him differently, and less favorably than, similarly situated employees not exercising FMLA rights, resulting in Plaintiff's termination from employment and impeding Plaintiff's exercise of his FMLA rights.

46. Defendant's interference with Plaintiff's FMLA rights prejudiced Plaintiff in that he lost compensation and benefits, sustained other monetary losses, and suffered the loss of his employment as a direct result of Defendant's violation.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

48. At all times material hereto, Defendant engaged in unlawful or discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

49. The above-described acts by Defendant and employees of Defendant constitute unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act, as codified under Title 29 of the United States Code §§ 2601 *et seq.* ("FMLA").

WHEREFORE, Plaintiff Taylor Wayne Trail prays for judgment against Defendant Utility Manufacturing Company for equitable relief, back-pay, front-pay, liquidated damages, together with prejudgment and post judgment interest, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,

**TAYLOR WAYNE TRAIL**

_____
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com

*Counsel for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

      I, the undersigned, do hereby certify that the foregoing pleading was filed via the Court's electronic, CM/ECF filing system on the 4th day of January, 2019.  A Notice of Electronic Filing has thereby been transmitted to:

Mark. M. Lawson, Va Bar No. 15903
Elliott Lawson & Minor
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
(276) 466-8400
mlawson@elliottlawson.com

*Counsel for Defendant*

                                                   <u>/s/ Thomas E. Strelka</u>