# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| TAYLOR WAYNE TRAIL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18CV00037 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| UTILITY TRAILER | ) | By: James P. Jones |
| MANUFACTURING COMPANY, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Thomas E. Strelka, L. Leigh R. Strelka, and N. Winston West, IV, Strelka Law Office, PC, Roanoke, Virginia, for Plaintiff; Mark. M. Lawson, Elliott Lawson & Minor, P.C., Bristol, Virginia, for Defendant.*

In this Family and Medical Leave Act (FMLA) case, the defendant employer has moved to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, I will deny the Motion to Dismiss.

I.

The First Amended Complaint alleges the following facts, which I must accept as true for the purpose of deciding the Motion to Dismiss.

The plaintiff, Mr. Trail, worked for the defendant, Utility Trailer Manufacturing Company (UTMC), as a welder at its Smyth County, Virginia, plant. UTMC manufactures vehicles and parts in the automotive trucking industry.

On March 8, 2018, Trail's wife called UTMC and spoke with a human resources representative. She stated that both of Trail's sons were very ill and would be transported to the emergency room for medical care. When Trail learned of this news, he discussed it with a human resources representative and his supervisor. He asked to be allowed to leave work pursuant to the FMLA. UTMC approved his leave request and he left work.

UTMC has an attendance policy in which employees are assigned points when they are absent. The policy requires termination upon the accrual of 15 points within a year. Prior to leaving work on March 8, 2018, Trail had fewer than 15 points.

On March 12, 2018, Bill Weaver of UTMC Human Resources met with Trail and foreman Jake Dickinson. Weaver informed Trail that UTMC would assign points for his March 8 absence and that due to excessive points, Trail was immediately terminated. Weaver stated that FMLA would not apply to the March 8 absence. A note written by Weaver memorializing the meeting states that Trail "hoped FML would cover absence & it would not, so Bill Weaver told Taylor Trail that he was being let go for excessive absenteeism." First Am. Compl. Ex. A. The note does not explain why Weaver concluded that the absence was not protected under the FMLA, nor does it indicate that UTMC asked Trail to provide

documentation related to the absence or gave him an opportunity to cure any perceived deficiency in his request for FMLA leave.

A week earlier, on March 1, 2018, Trail had applied for intermittent FMLA leave due to his son's cerebral palsy. A human resources representative gave Trail forms to have his son's physician complete. UTMC has stated that Trail did not complete the paperwork necessary for approval of intermittent leave. However, according to Trail, the leave requested on March 8 was unrelated to his son's cerebral palsy and the intermittent leave he had previously requested. Trail alleges that he provided sufficient information to human resources on March 8 to inform UTMC that his sons' trip to the emergency room would qualify for FMLA protections.

Based on these facts, Trail asserts two claims. Count I alleges discrimination and retaliation in violation of the FMLA. Count II alleges interference with FMLA rights. UTMC has moved to dismiss both counts pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion to Dismiss has been fully briefed and is now ripe for decision.[1]

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

II.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In order to survive a motion to dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts. *Id*. A complaint does not need detailed factual allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

III.

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period" to care for the employee's child who "has a serious health condition." 29 U.S.C. § 2612(a)(1). An illness involving inpatient care in a hospital or continuing treatment by a health care provider qualifies as a "serious health condition." 29 U.S.C. § 2611(11). Leave

may be taken intermittently when medically necessary. 29 U.S.C. § 2612(b)(1). When the need for leave is not foreseeable, as in the case of an emergency, the employee must notify the employer of the need for leave "as soon as practicable." 29 C.F.R. § 825.302(a). "[T]he determination of when an employee could practicably provide notice must take into account the individual facts and circumstances." 29 C.F.R. § 825.302(b). The initial notice need only be verbal and need not expressly mention the FMLA if it is the first time the employee is requesting leave for the FMLA-qualifying reason. 29 C.F.R. § 825.302(c).

An employer may require that the leave request "be supported by a certification issued by the health care provider" of the child, and upon such a request, "[t]he employee shall provide, in a timely manner, a copy of such certification to the employer." 29 U.S.C. § 2613(a). The statute sets forth the information that the certification, if requested, should contain. 29 U.S.C. § 2613(b).

The FMLA makes it unlawful for any employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2). FMLA discrimination and retaliation claims are analogous to discrimination and retaliation claims brought under Title VII of the Civil Rights Act ("Title VII"). *Laing v. Fed. Express Corp.*,

703 F.3d 713, 717 (4th Cir. 2013). Thus, a court will evaluate a plaintiff's FMLA retaliation claim using Title VII standards. *See id.*

At the motion to dismiss stage, the ordinary rules for assessing the sufficiency of a complaint apply. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584–85 (4th Cir. 2015). A plaintiff need not plead facts sufficient to make out a prima facie case of discrimination. *See id.* Instead, a plaintiff must allege facts sufficient to satisfy the elements of a FMLA cause of action. *See id.* at 585. Thus, the plaintiff must allege facts that permit the court to plausibly infer that his employer discharged or discriminated against him because he exercised his FMLA rights.

A close temporal relationship between these two events is sufficient to establish causality at the motion to dismiss stage. *See Laing*, 703 F.3d at 720 (finding that the close temporal relationship between the plaintiff's suspension on the morning of her return from FMLA leave and her termination within the month was sufficient to establish a prima facie case of causality at the summary judgment stage); *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989) (finding that the plaintiff's proof that she was fired after her employer became aware that she had filed a Title VII discrimination charge was sufficient to establish a prima facie case of causality at the summary judgment stage). Pursuant to *Twombly*,

Trail need not provide detailed factual allegations; he needs only to provide more than labels and conclusions.

The FMLA also makes it unlawful for any employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). To state a claim for FMLA interference, the plaintiff must show that (1) he was an eligible employee, (2) the defendant was an FMLA-defined employer, (3) he was entitled to leave under the statute, (4) he gave notice to the employer that he would take FMLA leave, and (5) the defendant denied his FMLA rights. *Corbett v. Richmond Metro. Transp. Auth.*, 203 F. Supp. 3d 699, 709 (E.D. Va. 2016). Interference includes refusing to authorize FMLA leave. *Rodriguez v. Reston Hosp. Ctr., LLC*, No. 1:16-cv-623 (JCC/JFA), 2017 WL 772348, at *4 (E.D. Va. Feb. 28, 2017).

The defendant argues that Trail has not alleged sufficient facts in support of his claims and has instead relied largely on conclusory statements. It notes that the First Amended Complaint does not specify exactly what Trail or his wife told Human Resources about their sons' illness and does not identify the person or persons whom they notified. Moreover, the First Amended Complaint does not expressly allege that the Trail children were undergoing continuing medical treatment. Nor does the First Amended Complaint identify the person who allegedly approved Trail's March 8 absence.

Even after *Twombly* and *Iqbal*, the Rule 8 pleading requirements are not onerous. A plaintiff need not allege every fact essential to his claim. In the employment discrimination context, he need not even allege a prima facie case. He is merely required to state enough facts to allow the court to infer that he has a plausible claim.

I find that Trail has alleged sufficient facts to elevate his claim above the speculative level. He asserts that he sought intermittent FMLA leave on March 1 and that his March 8 leave was unrelated to that earlier request. He alleges that his employer was aware that his sons were seriously ill and required immediate medical attention. He states that his March 8 absence was initially approved but that he was then terminated just four days later, with his employer expressly stating that his absence was the reason for the termination. Even if UTMC reasonably believed that the March 8 leave request was based on the same condition for which Trail had previously requested leave and perhaps had not yet provided medical certification, Trail alleges that he was terminated less than two weeks after first applying for FMLA leave and just four days after requesting leave on March 8. This temporal proximity, coupled with the statements in Weaver's note, give rise to a plausible inference of retaliatory intent and interference at this early stage of the proceedings. Viewing the allegations in the light most favorable to Trail, I

conclude that the allegations are sufficient to state claims of discrimination, retaliation, and interference under the FMLA.

IV.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss, ECF No. 18, is DENIED.

ENTER: April 2, 2019

/s/ James P. Jones
United States District Judge