## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **TAYLOR WAYNE TRAIL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18CV00037 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **UTILITY TRAILER** | ) | By: James P. Jones |
| **MANUFACTURING COMPANY,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Thomas E. Strelka, L. Leigh R. Strelka, and N. Winston West, IV, STRELKA LAW OFFICE, PC, Roanoke, Virginia, for Plaintiff; Mark. M. Lawson, ELLIOTT LAWSON & MINOR, P.C., Bristol, Virginia, for Defendant.*

In this Family and Medical Leave Act (FMLA) case, I previously granted the defendant's Motion for Summary Judgment, *Trail v. Utility Trailer Mfg. Co.*, No. 1:18CV00037, 2020 WL 104681 (W.D. Va. Jan. 8, 2020), and final judgment was entered in favor of the defendant. The plaintiff has moved to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). For the reasons that follow, I will deny the motion.

In my summary judgment opinion, I held that the plaintiff had not met his burden of proving that he was entitled to FMLA leave because he had failed to show that his children were incapacitated for more than three full consecutive calendar days and thus met the statute's definition of suffering from a serious health condition. *Trail*, 2020 WL 104681 at \*5. Prior to issuing this ruling, I had given

the plaintiff the opportunity to submit additional evidence on this issue, but he failed to rectify this fatal flaw. *See id.* at *5 n.5; Order, Dec. 17, 2019, ECF No. 58. Following my entry of summary judgment in favor of the defendant, the plaintiff moved to alter the judgment and submitted additional evidence consisting of: (1) excerpts from the transcript of Harmony Trail, the plaintiff's wife, which had already been included in the summary judgment record; (2) medical records from the children's urgent care visit, which were also contained in the summary judgment record; and (3) a declaration of the plaintiff stating that one of his sons was incapacitated from March 8 to 11, 2018. The only new evidence submitted in support of the motion was the plaintiff's own declaration.

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure "may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks and citation omitted). "It is an extraordinary remedy that should be applied sparingly." *Id.* A Rule 59(e) motion cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the

ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148

F.3d 396, 403 (4th Cir. 1998).

New evidence can support a motion to alter or amend judgment. The party

must demonstrate that:

> (1) the evidence is newly discovered since the judgment was entered;
> (2) due diligence on the part of the movant to discover the new evidence
> has been exercised; (3) the evidence is not merely cumulative or
> impeaching; (4) the evidence is material; and (5) the evidence is such
> that is likely to produce a new outcome if the case were retried, or is
> such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (quotation marks and

citation omitted). Diligence is a crucial consideration:

> [T]o support a motion for reconsideration, the movant is *obliged* to
> show not only that this evidence was newly discovered or unknown to
> it until after the hearing, but also that it could not with reasonable
> diligence have discovered and produced such evidence at the hearing.
> Evidence that is available to a party prior to entry of judgment,
> therefore, is not a basis for granting a motion for reconsideration as a
> matter of law.

*Id.* (internal quotation marks and citations omitted).

The plaintiff has not satisfied any of the aforementioned requirements. He

has presented no valid basis for amending the final judgment entered in favor of the

defendant. It is therefore **ORDERED** that the Plaintiff's Motion to Reconsider, ECF

No. 64, is DENIED.

ENTER:   April 14, 2020

/s/  *JAMES P. JONES*         
United States District Judge