# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TAYLOR WAYNE TRAIL,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18CV00037 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **UTILITY TRAILER** ) | By: James P. Jones |
| **MANUFACTURING COMPANY,** ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Thomas E. Strelka, L. Leigh R. Strelka, and N. Winston West, IV,* STRELKA LAW OFFICE, P.C., *Roanoke, Virginia, for Plaintiff; Mark. M. Lawson,* ELLIOTT LAWSON & MINOR, P.C., *Bristol, Virginia, for Defendant.*

In this Family and Medical Leave Act (FMLA) case, I previously granted the defendant's Motion for Summary Judgment, *Trail v. Utility Trailer Mfg. Co.*, No. 1:18CV00037, 2020 WL 104681 (W.D. Va. Jan. 8, 2020), and final judgment was entered in favor of the defendant. The defendant now seeks the taxation of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which the plaintiff opposes. I will exercise my discretion to deny costs.

The defendant, Utility Trailer Manufacturing Co. ("Utility"), terminated the plaintiff, Taylor Trail, for excessive absenteeism after he left work early to meet his wife and ill children at the hospital. The sole reason for Trail's termination was his early departure that day, and I concluded that Utility had not satisfied its obligations under the FMLA. *Id*. at *6. Nevertheless, I held that Trail had not met his burden

of proving that he was entitled to FMLA leave because he had not produced evidence showing that his children suffered from a serious health condition, in that the record evidence was insufficient to show that the children had been incapacitated for more than three consecutive, full calendar days. *Id.* at *5; *see* 29 C.F.R. § 825.115(a).

Utility seeks costs totaling $2,103.50, representing fees for copies of deposition transcripts. Trail objects to the specific amount sought for two of the transcripts, but generally objects to the award of costs on the grounds that he has limited financial means and the issues in the case were difficult and close.

Federal Rule of Civil Procedure 54(d)(1) establishes a general rule that costs of litigation, other than attorney's fees, should be awarded to a prevailing party. However, whether to award costs and the amount of costs to be awarded are matters within the discretion of the trial court. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Costs may be refused under Rule 54(d)(1) only if the district court "justif[ies] its decision by 'articulating some good reason for doing so.'" *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (quoting *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990)). The losing party's good faith is not sufficient on its own to warrant a denial of costs, although it is a prerequisite to denying costs to the winner. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

The Fourth Circuit has held that financial inability to pay may be considered by the court in denying an award of costs. *See id.* at 446; *Teague,* 35 F.3d at 996. Similarly, this court has previously ruled that the losing party's financial resources merit consideration in determining whether to deny costs. *Musick v. Dorel Juvenile Grp.*, No. 1:11CV00005, 2012 WL 473994, at *1 (W.D. Va. Feb. 13, 2012); *Crusenberry v. Boddie–Noell Enters., Inc.,* No. 2:99CV00129, 2001 WL 418737, at *2 (W.D. Va. Mar. 15, 2001).

When a case is particularly close and difficult, courts are willing to deviate from the general rule and deny a request for costs. A case's closeness "is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)).

I find that this case was a relatively close and difficult one. The case turned on a narrow issue for which little guiding precedent existed and on which the evidence fell close to the line. I allowed the parties to offer supplemental evidence and briefing in order to aid me in the resolution of this issue. *See* ECF Nos. 58, 68. I further find that Trail brought his claims in good faith.

Additionally, I conclude that the plaintiff's limited means would make the taxation of costs unjust in this case.  Although Trail did not offer evidence of his current income or assets, it is clear from the evidence contained in the summary judgment record that his wife is a homemaker and caretaker who earns little to no income and that one of his two children has a serious medical condition (unrelated to the leave at issue in this case) requiring ongoing treatment.  While Trail, a welder, is a skilled worker, he was earning just under $19 per hour when his employment with Utility terminated.  Assuming full-time employment, that would place his gross income at less than $40,000 per year for a family of four.  Under these circumstances and considering his good faith in bringing this action and the closeness of the case, I find that Trail should not be required to pay costs.

For the foregoing reasons, it is **ORDERED** that the defendant's Bill of Costs, ECF No. 66, is DENIED.

ENTER:  April 28, 2020

/s/  JAMES P. JONES
United States District Judge